The opinion of the court was delivered by
Tilghman, C. J.
Several bills of exception were taken by the counsel for the plaintiff, in the course of the trial’ of this cause, which we are now to consider.
1. The court admitted evidence, on behalf of the defendant, of Boyer's confession before he assigned to Kellogg, that a few days after the entry of the judgment, and when its entry was unknown to the-defendant, he paid to the said Boyer three hundred dollars, in consideration whereof Boyer agreed not to enter judgment on the bond, as long as the interest was regularly paid. The main argument urged by the plaintiff’s counsel, against this evidence, is, that the agreement was impossible to be performed, because the judgment had been álready entered, and therefore the defendant should be left to his action against Boyer on the agreement. But this might be a very inadequate remedy, especially if Boyer, as alleged by the defendant, was and is in very doubtful circumstances. The three hundred dollars paid by the defendant, were, it is supposed, over and above the two thousand five hundred dollars, the principal of the bond, and were what Boyer called blooa money. It was a gross fraud to take this money from the defendant, under an agreement not to enter judgment, when judgment had been previously entered. And the Court of Common Pleas would have been justified in ordering the judgment to be erased from their record, on clear proof of the fact. But they did not choose to decide the fact themselves, and therefore directed an issue. . Another reason urged by the plaintiff against the evidence is, that the defendant might have .pleaded the agreement with Boyer, in bar of the scire facias. But this is by no means certain, and besides the Court of Common Pleas may, in their discretion, interfere in a summary way,, and order an issue, even though the defendant might possibly have obtained redress in another manner. A court of chancery, on.proof of the fraud practised by Boyer on the defendant, might have enjoined him against proceeding on the judgment, and the Court of Common Pleas, having ascertained the fact, may give relief in some manner equivalent to an injunction. I am of opinion, therefore, that there was no error in admitting the evidence.
2. The second bill of exceptions, was, to the court’s permitting the defendant to ask William Witman, one of his witnesses, and in permitting the witness to answer, the following question:— “What was the value of the mortgaged premises, in the possession *142 of the defendant at the time that judgment was entered on the bond?’5 It seems that the defendant had given a mortgage on real property as a security for the payment of his bond, which property had been' sold, and the proceeds applied, as far as they would go, to the payment of the bond; but they were insufficient to discharge the whole. The principal reason assigned by the plaintiff against this evidence, was, that an opinion of the value of land is not evidence, because it is not a fact. It is certain that such opinions are every day received as evidence, although it is true that an opinion is not strictly a fact; and it is difficult to conceive how the value of land can be proved without them. The witness may indeed prove the prices at which other lands in the neighbourhood were sold; but that would not ascertain the value of the land in question, without a comparison between it and the land which was sold, as to quality; and quality is very much matter of opinion. It is 4 kind of evidence so commonly admitted without dispute or objection, that I have no doubt of its legality.
3. The third exception was, to the charge of the'court, (in answer to the second proposition of the plaintiff’s counsel,) “ that if Boyer agreed not to enter judgment, and declared to the defendant that no judgment had been entered, the effect of such agreement and declaration would be to render the judgment null and void; and it would be a fraud to proceed on the judgment under such circumstances.”
That it would be a fraud to proceed on the judgment under such •circumstances, cannot be doubted. And as to the court’s saying, that the judgment was rendered null and void by the agreement, the objection seems to be a dispute about words rather than substance. In strict propriety of speech, the judgment was not rendered null, because it required the judgment of the court to avoid a judgment regularly entered, as this was. But the agreement afforded ground for the court’s ordering the judgment to be stricken out, which would amount to the same thing. The dispute concerning the lien of this judgment is between the obligor, against whom judgment was entered, and the plaintiff Kellogg, who was an assignee loith notice. At least, so the plaintiff alleged, and whether he had notice or not was submitted to the jury, as appears in another part of the case. I take the object of this feigned issue to have been, to ascertain facts from which the Court of Common Pleas might be enabled to decide whether it was proper to strike out the judgment or not. I do not think, therefore, that there was any error, in this part of the charge.
4. I say nothing as to the fourth error, because it depends on the principle decided in the first.
5. The fifth exception is to the following part of the charge of the court (in answer to the plaintiff’s fifth proposition.) “The plaintiff, Rufus Kellogg, ought not to be affected by the agreement, unless he had notice of it. But it is not necessary that such *143 notice should have been recorded, or reduced to writing. If he had notice, in any way, before the assignment, he ought to be affected by it.” It is not contended that the notice must be recorded, or even reduced to writing. Thé objection is to the words, “if he had notice in any way,” which, in the opinion of the plaintiff’s counsel, may be extended to any kind of loose, vagué, hearsay, imperfect information. If I could agree to that construction of the charge, I should say that it was clearly erroneous. The notice ought to be full, and such as could leave the party in no reasonable doubt. But when-the judge told the jury that Kellogg could not be affected unless he had notice of the agreement, it ought to be understood, notice of the whole agreement. To give the words a more restrained construction, would be criticising beyond the bounds of candour. And when the judge added, that notice, in any way, would be sufficient, I should suppose that he meant, notice by parol — notice neither placed upon record, nor even reduced to writing. Thus understood, the charge was correct.
7. and 8. The seventh and eighth exceptions are, that the court, erred, in entertaining the motion of the defendant below, to open the original judgment; and that they erred in directing a feigned issue, to ascertain whether the said judgment was a lien or not upon the defendant’s real estate in Berks county.
I must premise, that the object of these exceptions is not properly before this court. What we have to do is to decide, whether there was error in any thing that occurred on the trial of the feigned issue. That is, in form, a complete action, unconnected with the mqtion to open the judgment, with which we have no concern. But I hope it is not now a matter of doubt, whether a Court of Common Pleas can entertain a motion to strike out, or open a judgment entered on a warrant of attorney, or to order a feigned issue for the purpose of ascertaining necessary facts. If it has not this power, miserable indeed is our condition. It is the first time I have heard it questioned. It is, and has been, for the last half century, at least, an undisputed and constant practice. Great frauds are often committed under colour of these bonds and warrants, and necessity requires that they should be investigated in a summary-way. In some of the states they are absolutely prohibited, on experience of the abuse made of them. And they could be no where tolerated, without the exercise of a liberal discretion by the courts, in inquiring into them. Feigned issues'should be encouraged, because without them the court must draw the trial of all facts to itself. Suppose a case of complicated fraud, disclosed by affidavit. It may depend altogether on matter of fact. And is it not much more agreeable to the spirit of our laws and constitution, that this should be referred to a jury, than tried by the court? And even if fact were intermixed, with law, is there not a great advantage in a mode of trial, by which the opinion of the court, on points of *144 law, can be reviewed by a superior tribunal ? If the eourt decides the whole., on motion, I know of no redress in case of error. But should there be a mistake in the admission, or rejection of evidence, or in charging the jury on a feigned issue, a writ of error lies.
I am of opinion, in this case, that the plaintiff in error has not supported any of his exceptions, and therefore the judgment should be affirmed. The record is to be remitted, and the Court of Common Pleas will then make such order as shall seem proper, on the motions which have been made, or may be made, touching the original judgment.
Judgment affirmed,