RUTLAND,
February,
1835.

HENRY W. LESTER *vs*. TOWN OF PITTSFORD.

The opinion of witnesses is not proper evidence, except in cases depending upon skill in some science or art, or when the opinion of the witness is derived from personal observation of the transaction.

The opinion of a witness, not a professional man, formed upon a representation of the facts, as given in evidence, is never admissible.

In an action against a town for damage sustained by the insufficiency of a road or bridge, it is not enough for the plaintiff to show the road out of repair, and that an injury has been sustained, but he must show, *prima facie* at least, that the injury was *occasioned* by the defect.

This was an action on the case for the insufficiency of one of the public roads in the town of Pittsford, to recover damage for the loss of a horse belonging to the plaintiff, through the alleged insufficiency or want of repair of said road. On the trial of the case, the plaintiff offered evidence, tending to prove, that the road in question was a dugway, winding round the brow of a hill, and was but fifteen feet wide at the place where the plaintiff's horses run off said road.—That the side where the horses went off was the lowest part of the face of the road, and that there was no railing, or monument of any description, on the side of said road.—That at the place where the plaintiff's horses run off, there was an off-set of six feet two inches in going five feet on a parallel line from said road; and that in ascending said road, it rises upon a degree of elevation of fourteen degrees and a few minutes.

The plaintiff having given evidence tending to prove the facts above stated, further offered to prove, by witnesses upon the stand, that in their opinion, said road was unsafe;—which last aforesaid evidence was objected to by the defendant, and rejected by the court. The plaintiff also proved on said trial, by two witnesses, that during the year said road was continued open (the same having been continued open by the defendants but one year) that they run off said road on the hill in question.

The defendant then offered evidence tending to prove, that the face of the road was smooth, and that large loads had been drawn up and down said hill with safety, and that said road was from fifteen to eighteen feet wide. The defendant also introduced evidence which proved that the horse in question was unshod; but introduced no evidence tending to show that the injury arose in consequence of said horse having slipped in ascending said hill; but it did appear, that there was a light snow, of from four to six inches, which fell the night before; and it also appeared there was no marks in the snow of said horse having slipped. The defend-

RUTLAND,
*February*,
1835.

Lester
*vs.*
Town of
Pittsford.

ant farther gave evidence tending to show, that the damage was occasioned by the plaintiff's horse refusing to proceed up the hill, and by his wilfully running backwards down the hill, and throwing himself off the road.

The counsel for the plaintiff requested the court to charge the jury, that if they should find the road in question out of repair, or insufficient or unsafe, without some monument or railing on said road, it would be their duty to find for the plaintiff, unless the defendant should prove that the accident in question arose from some carelessness, default or mismanagement of the plaintiff: but the court charged the jury, upon the question as the burthen of proof, that although they should find said road out of repair and insecure, yet that the plaintiff must show *prima facie* in the outset, that he had been damnified thereby.—That merely proving that the road was out of repair, would not, of itself, entitle the plaintiff to recover; but in order to put the defendants on their defence, and change the burthen of proof, it was necessary that he should establish, at least *prima facie*, that the damage of which he complains was occasioned by the defect or insufficiency of the road, and that if the proof in the case was so uncertain as that they could not determine the fact, they would consider that the plaintiff had failed in one essential part of his case.

To the charge on this point, the plaintiff excepted. Exceptions allowed and certified.

*Counsel for plaintiff* insisted, 1st, That the court erred in rejecting the opinions of witnesses offered as to the insecurity of the road.

The dictum, so often found in books, that the opinions of witnesses ought not to go to the jury, has led to much confusion in practice, and is wholly inconsistent with the course pursued by courts in the cases reported. The opinions of men in any art or science, have always been received, although their opinions are founded on the descriptions of others. For cases involving questions of insanity,—judging of hand-writing, and judging of the capacity of persons to transact business, have been set down as exceptions to the general rule, but they are not so in all such cases. It is not opinion alone, but it is observation and opinion blended, as in the case of Trelawney vs. *Colman*, 3 Com. Law, 308, where the witness was permitted to testify to his opinion of the affection of the wife for her husband.

It is difficult to conceive any case, where observation affords ev-

RUTLAND,
February,
1835.
Lester
vs.
Town of
Pittsford.

idence to the senses of a certain fact, where opinions should not be received, unless the transaction or thing described admits of a certain or graphic description; and it is believed it will be found, on examination, that the cases which are put down as exceptions to the rule, are much more numerous than those embraced within it.

When a person hears a contract, he testifies to what the parties said and did, and is not permitted to give his opinion of what was meant by the parties; for the law pronounces its opinion when the words used in making the contract are disclosed by the witness.

2. There are a variety of cases, and the present is one in which no description of the witness on the stand could convey to the mind any definite or correct description of the thing sought to be described. The witness might say the road was sideling up a steep and winding hill, with an offset on one side, and no railing; but all this does not inform the jury of the degree of danger or the necessity of banisters in passing over the road.

And it is contended that whenever observation and opinion are necessarily blended, opinions are to be received. To illustrate this position, we will suppose A sues B for drowning his horses in crossing the lake on the ice—B defends on the ground of using due care, and proves that others crossed, and that he kept in the road. Now the opinion of the witnesses is all the evidence the nature of the case admits of. No definite idea of the situation or looks of the ice can be conveyed to the mind: it is the judgment or opinion of men that determines whether B was exercising due care and diligence—not whether *other* men would *think* it safe to cross.

3. The opinions of witnesses as to the security or insecurity of a road, should be received upon the ground that all men may be said to be so far *skilled* in the subject of making common roads, that one rule of evidence is furnished to the same of the security or insecurity; and this doctrine is established, if skill is required in judging, by the case of *Davis* vs. *Mason*, 4 Pick. Rep.—also 3 Stark. Ev. 17, 36.

*Counsel for defendant* insisted, 1st, The offer to show by the opinion of witnesses that the road was unsafe, was against the clearest principles of evidence. Witnesses state facts, and the jury are to draw inferences. Any departure from this is an exception to the general rule. Persons possessed of any particular art or science may be asked their opinion in relation to facts connected therewith, upon the ground that the jury, if possessed of the facts, would be unable from a want of knowledge of that particular art or science, to draw just conclusions therefrom.

RUTLAND,
*February*
1835.

Lester
*vs*
.Town of
Pittsford.

The case shows that the plaintiff had already proved the situation of the road.—3 Stark. Ev. 1736.

2. Whether the road was unsafe, or out of repair, was a mixed question of law and fact; and the witnesses were called on not only to draw inferences from facts, but to determine questions of law. The kind of repair that a road must be in, depends greatly on the amount of travel on the road, the season of the year, and perhaps the face of the country over which it passes. The jury are to draw conclusions in relation to all these particulars under the instruction of the court.

The charge of the court was clearly correct in relation to the burthen of proof. If the road was out of repair, and the plaintiff was not thereby damnified, he cannot recover. It is essential to allege and prove that the injury arose from the insufficiency of the highway.

If the way was out of repair, yet if the injury did not happen at a place so out of repair, and in consequence thereof, no action can be maintained.

, The language of the statute is conclusive, if any doubt could exist on this point.

This point in evidence is considered and settled in *Noyes* vs. *Morristown*, 1 Vt. Rep. 353.

The opinion of the court was delivered by

PHELPS, J.—The testimony offered in this case, of the opinion of the witnesses as to the sufficiency of the road, was properly rejected. The opinion of professional men, upon matters depending upon any particular science, or skill in any particular art, is always admissible. Such is the testimony of physicians and surgeons, as to the causes of death, insanity, or the like, and that of artists, mechanists, &c. as to matters connected with their particular art.

So also, testimony of opinion may be given, where, from the general and indefinite nature of the enquiry, it is not susceptible of direct proof. Thus upon a question of insanity, witnesses not professional men may be permitted to give their opinion, in connexion with the facts observed by them. But this evidence is always confined to those who have observed the facts, and is never permitted where the opinion of the witness is derived from the representation of others. Upon a question of insanity, for instance, witnesses, who have observed the conduct of the patient, and been acquainted with his conversation, may testify to his acts and sayings, and

21

RUTLAND,
February,
1835.

Lester
vs.
Town of
Pittsford.

give the result of the observation : but where mere opinion is required upon a given state of facts, that opinion is to be derived from professional men.

But in cases where the facts are susceptible of distinct proof, and can be laid before a jury so as to enable them to draw their own conclusions, and where that conclusion does not depend upon skill in any particular art or science, the naked opinion of witnesses is not proper evidence.

In such cases, the jury are to form their own opinion upon the facts proved. They are the persons selected by law for this purpose, and are supposed to be competent. There is no good reason for transferring this duty to others, and there would be great danger, as well as inconvenience in it, especially in cases which have become a subject of excitement.

The inquiry in this case was a mixed question of law and fact. The facts were before the jury ; and the testimony offered consisted of mere opinion upon the state of facts already in proof. The testimony offered was therefore inadmissible, and was properly rejected, as both inconvenient and unsafe.

As to the charge, there can be no doubt, that in the particular complained of, it was correct. The statute, the declaration, and the common rules of evidence, throw the burthen of proof upon the plaintiff. It was incumbent upon the plaintiff to make out a *prima facie* case, before the defendants could be put upon their defence. Proving merely that the road was out of repair would not entitle the plaintiff to recover ; but it was necessary further to show that he was injured thereby. It was not incumbent upon the plaintiff to negative the charge of negligence or imprudence on his part,—such proof being properly matter of defence ; but this proof was not necessary until a *prima facie* case was made out. And it is also true, that if the proof be deficient, the consequences fall where the *onus probandi* rests. The charge was therefore correct, and

                 Judgment must be affirmed.