## SPENCER *vs.* THE SARATOGA AND WASHINGTON RAILROAD COMPANY.

Where, in the return of a justice of the peace to an appeal, there is abundant evidence, of an unexceptionable character, to sustain the verdict of the jury, or the judgment of the justice, the court will not reverse the judgment on account of an improper question being put to a witness and answered. HAND, J. dissented.

In reviewing the judgments of courts of justices of the peace, the return is not to be treated like a bill of exceptions, taken at the circuit, but like a case to set aside the report of referees or a verdict at the circuit; and if it is apparent that substantial justice had been done, the judgment is not to be reversed for technical defects, not affecting the merits.

THIS action was commenced in May, 1850, before a justice of the peace, and was tried on the 14th of June thereafter, before the justice and a jury.    The action was brought to recover damages sustained by the plaintiff, the year previous, occasioned by the defendants and their servants in constructing the tunnel in their railroad at the north end of Church-street in Whitehall. The jury found a verdict for the plaintiff for one hundred dollars, on which the justice gave judgment, which was afterwards affirmed on appeal by the county court of Washington county. The defendants appealed from the latter judgment.

*F. Parks,* for the respondent.

*W. L. F. Warren,* for the appellant.

WILLARD, P. J. The settlement between Baxter and the defendant in May, 1849, of all damages sustained by him, did not authorize the defendant to inflict an injury upon the plaintiff, who purchased out Baxter.

The written contract under which Hitchins did the work on the railroad, was immaterial to this action. The plaintiff was not a party to it, and was not required to produce it. It was from the nature of the case, within the knowledge and probably under the control of the defendants, and if they deemed it material, they should have produced it themselves. The tunnel was constructed for the defendants, and under the immediate supervision of their engineers. Their president and engineers witnessed its progress from day to day, without objection. The defendants are therefore responsible for the injuries sustained by the plaintiff, by the acts of the defendants' servants in prosecuting the work. It is no answer to the action, that the servants are also liable. In cases of this kind both are liable, the employer and the agents by whom the work is done.

In the course of the trial, a witness for the plaintiff, after describing the various acts which occasioned the damage was asked, "How much are the damages?" This was objected to as improper. The objection was overruled, and the witness answered that "he thought the damages were about 150 dollars, caused by the water going over them." It is, insisted by the plaintiff's counsel that this objection was not sufficiently specific to raise the question, whether the opinion of the witness was admissible. It is difficult to perceive any impropriety in the question, save that it called for the opinion of the witness. In my judgment it was sufficiently pointed, to apprise the court and party of its object and design. The general rule no doubt is that witnesses must speak to facts, and that opinions are inadmissible, except in a few cases. This subject was considered in *Harger* v. *Edmonds* (4 *Barb.* 259) by the supreme court for the fifth district; in *Morehouse* v. *Mathews*, (2 *Comst.* 514,) by the court of appeals, and by the court in this district in *Culver* v. *Haslam*, (7 *Barb.* 314.) The general rule and the exceptions will be found stated in those cases. (*See also* 5 *Hill*, 603.) There is

Spencer *v.* Saratoga and Washington Railroad Co.

no doubt a distinction between an opinion based upon facts within the witness' own knowledge and disclosed at the time, and an opinion predicated upon the testimony of other witnesses. The latter can in general only be given by experts; the former can in many cases, be given by any witness. (*See Culver* v. *Haslam, supra.*)

Other witnesses had detailed the facts, tending to prove damages, before the witness to whom the question objected to was proposed, was examined. It does not appear, by the form of the question, whether the witness was expected to answer, from the whole facts in the case, or only from those which he had disclosed. The question was general. Perhaps, however, we should intend that his opinion was no further asked than with reference to the facts within his own observation.

But suppose the question was an improper one; it remains to examine whether an illegal question, objected to and allowed in an action before a justice of the peace, is to be treated by the court of review, like a bill of exceptions taken at the circuit. The supreme court in the fifth district in *Bort* v. *Smith,* (5 *Barb.* 283, 285,) decided this very question. They said it was quite clear that the return of a justice is not to be treated as a bill of exceptions. It partakes more of the nature of a case to set aside a verdict, or the report of referees. And in such cases the whole case is to be examined, and if the court can see that substantial justice had been done, notwithstanding the alledged error, they will not interfere. *See* 4 *Wend.* 458, as to the rule on a case. The county court is required to give judgment according to the very right of the case, without regarding technical defects in the proceedings before the justice. (2 *R. S.* 257, § 181. *Noyes* v. *Hewitt,* 18 *Wend.* 141.)

There was abundant evidence to sustain the verdict, independent of the opinions of the witness. It is not probable that the opinions exerted any influence prejudicial to the defendants.

The other question objected to as calling for the opinion of the witness, was based expressly upon the witness' knowledge. "What was the damages from what you know?" This question seems not obnoxious to objection.

---

On the whole I think substantial justice has been done by the courts below, and do not believe that a new trial would, or should lead to a more favorable verdict.(*a*)

The judgment of the county court should therefore be affirmed.

CADY, J. and ALLEN, J. concurred.

HAND, J. dissented.

Judgment affirmed.

(*a*) See remarks of Gridley, J. in *Hayes* v. *Symonds,* (9 *Barb. S. C, Rep.* 270.)