De Witt vs. Barlet and others.

Upon a question as to the mental capacity of the grantor in a deed, the *opinion* of a witness, founded upon facts within his personal knowledge, and disclosed by him on the trial, is competent evidence.

*Culver* v. *Haslam*, (7 *Barb.* 314,) approved.

This was an action of ejectment, tried at the Ulster circuit, before Justice Harris, in May, 1851. The plaintiff claimed by virtue of a devise in the will of his father, Henry De Witt, executed 2d May, 1837. The testator died May 7, 1850. The defendants claimed under a deed from Henry De Witt to John H. De Witt, dated 18th June, 1849, and proved a deed from John H. De Witt and wife to one of the defendants, dated 12th December, 1849. The plaintiff attempted to show that at the time the deed was made to John H. De Witt, Henry De Witt had so far failed in intellect as to be incapable of transacting business, and that the deed was procured by undue influence.

In the course of the trial the plaintiff was permitted, in several instances, to take the opinion of a witness as to the grantor's capacity, founded upon facts within his personal knowledge, and disclosed by him on the trial. The defendants' counsel excepted to the reception of such evidence. Other questions arising at the trial sufficiently appear in the opinion of the court. The jury found a verdict for the plaintiff, on which judgment was entered, and the defendants made a bill of exceptions and appealed.

*E. R. Cooke,* for the plaintiff.

*T. R. Westbrook,* for the defendants.

*By the Court,* Parker, P. J. The principal question presented in this case is whether it was competent for the plaintiff's counsel, on the trial, to ask the opinion of a witness as to the capacity of the grantor, after the witness had stated the facts within his personal knowledge, on which such opinion was founded.

The general rule undoubtedly is that witnesses may state facts only, from which the jury are to form their opinions. But there are several exceptions to this rule, among which are questions of value, personal identity, genuineness of hand-writing, and the testimony of experts in matters of science, skill or trade. It is claimed that the case now presented is among the exceptions to this general rule.

This question does not seem to have been distinctly presented in this state, for adjudication, until the recent case of *Culver* v. *Haslam*, (7 *Barb.* 314,) and I concur fully in the very able opinion of the court pronounced by Justice Willard in that case, in which all the previous cases in this state, and many in other states, bearing incidentally on this question, are fairly reviewed. The court held, in that case, that on a question of mental capacity, the opinion of an acquaintance, not a medical man, as to the condition of the grantor's mind, is competent when connected with facts and circumstances within his knowledge and disclosed by him in his testimony as the foundation of his opinion; though they very properly said that the force and value of the opinion would depend on the general intelligence of the witness, the grounds on which it was based, the opportunities he had had for accurate or full observation, and his entire freedom from interest and bias. I entered upon the consideration of this case with impressions of the law adverse to the opinion expressed in *Culver* v. *Haslam*, but a pretty full examination of the authorities has entirely satisfied me of its correctness. Besides, I regard that decision as controlling authority in this court.

The decision in *Culver* v. *Haslam* is in accordance with those in the English courts, as is shown by the authorities referred to in Justice Willard's opinion. I propose to refer briefly to some of the American cases, to show how well the law has been settled in other states in favor of the admissibility of the evidence.

In *Lester* v. *Pittsford*, (7 *Verm. Rep.* 161,) decided in 1835, Phelps, J. said, "that upon a question of insanity, witnesses, not professional men, may be permitted to give their opinion in connection with the facts disclosed by them." And in *Morse* v. *Crawford*, (17 *Verm. Rep.* 499,) decided in 1845, Bennett, J.

in delivering the opinion of the court on this same question, said "the law is well settled, especially in this state, that a witness may give his opinion in evidence, in connection with the facts on which it is founded, and as derived from them; though he could not be allowed to give his opinion founded upon facts proved by other witnesses." In *Poole* v. *Richardson*, (3 *Mass. Rep.* 330,) as early as 1807, the court permitted the subscribing witnesses to the will to be inquired of generally as to the judgment they formed of the soundness of the testator's mind at the time he executed it, and allowed other witnesses to testify to the appearance of the testator, and to any particular facts from which the state of his mind might be inferred, but not to testify *merely* as to their opinion or judgment. The same rule is adhered to in that state in subsequent cases. (8 *Mass. Rep.* 287. 5 *Pick.* 510.)

In Connecticut this point was decided in 1822, in *Grant* v. *Thompson*, (4 *Conn. Rep.* 203.) Chief Justice Hosmer said, "that the mere opinions of witnesses relative to the sanity of a party are inadmissible: yet their opinions, in connection with the facts on which they are formed, are admissible." The same rule was subsequently recognized in *Kinne* v. *Kinne*, (9 *Conn. Rep.* 102,) and the court say "such opinions are entitled to little or no regard, unless supported by good reasons founded on facts which warrant them. If the reasons are frivolous or inconclusive, the opinions of the witnesses are worth nothing."

In Pennsylvania, the same rule is established. In *Rambler* v. *Tryon*, (7 *Serg. & Rawl.* 90,) decided in 1821, witnesses were offered to prove certain facts tending to show an extraordinary dullness of understanding in a testator, followed up by the opinions of the witnesses, founded on those facts, that he was incapable, from defect of understanding, of making a will, and the court adjudged the evidence admissible. And in the later case of *Wagan* v. *Small*, (11 *Serg. & Rawle*, 141,) a witness called by the plaintiff, was asked whether "from his actual knowledge of Peter Eipe he considered him fit or unfit to make a will?" The defendant objected to the question, but it was permitted to be answered, and the defendant excepted. On

error, the only point examined was whether the question was leading. It was taken for granted by the court and counsel that the plaintiff had a right to the opinion of the witness.

In the state of Tennessee the following rules applicable to cases of this kind were laid down by the supreme court in 1836, in *Gibson* v. *Gibson*, (9 *Yerger*, 329.) "*First*, attesting witnesses, and they only, are trusted to give their opinion merely, without cause or reason assigned, of the testator's sanity. *Secondly*, physicians may state their opinion of the soundness of a testator's mind, but they must state the circumstances or symptoms from which they draw their conclusions. As to all others, their opinions considered, merely as opinions, are not evidence. But having stated the appearance, conduct, or conversation of the testator, or other particular fact from which his state of mind may be inferred, they are at liberty to state their inference, conclusion or opinion, as the result of these facts."

In Ohio the rule on this subject was not settled till 1843, in the case of *The State* v. *Clark*, (12 *Ohio Rep.* 483.) That was an indictment for murder, and the defense set up was insanity. On error, the supreme court held, after an examination of the decisions in other states, that on a question of insanity, witnesses other than professional men may state their opinion, in connection with the facts on which it is founded.

But one of the most interesting cases I have found on this subject is that of *Clary* v. *Clary*, (2 *Iredell's Law Rep.* 78,) decided in North Carolina in 1841. The supreme court there examined the question upon principle, and came to the conclusion that when the witness has an opportunity of observing the conduct and character of a person whose sanity is questioned, the witness, in addition to the facts, may state his judgment or belief founded on such observation, as evidence for the consideration of the jury. The question is discussed by Gaston, J. at length, in all its bearings, and with great ability.

Without citing further from the reports of other states it will be seen, that the current of authorities runs only in one direction; and it may now be said, that out of this state at least, no rule is now better or more firmly established.

De Witt *v.* Barley.

A careful examination of the reasoning of the court in the case last cited, will, I think, satisfy any fair minded person that in establishing the rule the question has been correctly decided. The evidence is admitted from necessity ; because it is not only the best evidence that can be given, in connection with the facts, but, in truth, the only evidence that can convey to the minds of others the impressions made on the mind of the witness by the conduct of the person whose sanity is questioned. In *Gibson* v. *Gibson,* Reese, J. said, " The propriety of this evidence arises from the delicate nature of all investigations into the state of the human mind. How can a witness describe the dissociated and flighty conversations of a lunatic, the fear, the horror, the frenzy of his eye ? how communicate the influences which mind practices upon mind, if he must not speak of inferences, impressions or conclusions. After all, it is the facts which a witness details, the conduct which he describes, which chiefly or primarily constitute the testimony relied on."

Even with very great descriptive talent, it would be impossible, by a mere statement of what he said and did, without an expression of opinion, to convey to our minds so perfect a picture of the condition of a person, as to enable us to decide correctly whether or not the person was sane. Nor even, with great imitative powers, could a witness act out the scene, so as to enable us to judge always safely. And when we consider how few witnesses would be able to exert those unusual faculties, I apprehend we shall find the opinion of the witness, founded on such facts as he can describe, an almost indispensable part of his evidence.

An opinion is given of hand-writing, from necessity. A witness may well recognize a familiar hand, without being able to testify to one single peculiarity which distinguishes it from the hand-writings of all other men. So with identity. We may recognize a person, and be able to testify to his identity with confidence, without being able to describe a single peculiar feature different from that of every other man. The proof in such case depends upon the conclusion formed in the mind of the witness. It is a mere matter of opinion, but it is the only sat-

De Witt *v.* Barley.

isfactory or reliable evidence that can be given. The same reason, to some extent at least, is applicable to the question under consideration; so that upon principle as well as authority, the witness, after stating the facts and circumstances, may give his opinion derived from them and resting upon them, for the consideration of the jury; though the opinion may have little or no weight, unless appearing to be supported by the facts and circumstances proved

There is no ground for saying that evidence of opinions was received without the facts on which they were based. No such objection was made to the evidence, and a fair examination of the bill of exceptions shows that the question really raised and decided was the one above discussed.

The declarations of the wife made in the presence of Henry De Witt, and in conversation with him, were clearly competent. All that he said and did was admissible to enable the jury to judge of his mental capacity; and it was proper to prove what was said to him by the wife, with a view to the better understanding of his language and conduct.

There was no error in admitting proof of the condition of Henry De Witt's mind during the month before his death, though it was nine months after the date of the deed in question. The evidence becomes perhaps much less important, but not incompetent, from the intervening distance of time.

The capacity of the grantor, and the exertion over his mind of an undue influence in procuring the deed, were both questions of fact for the consideration of the jury, and have been passed upon by them under a charge of the judge to which no exception was taken. I find in the case no reason for disturbing the verdict. The judgment rendered at the circuit must therefore be affirmed.

Judgment affirmed.

[ALBANY GENERAL TERM, February 2, 1852. *Parker, Wright* and *Harris,* Justices.]