UTICA,
October, 1820.

FLEMING
v.
SLOCUM.

---

### Fleming *against* Slocum.

THIS was an action on the case, to recover damages for a fraud, in the sale of a negro man, named *Tom*, by the de-

A Court of law has concurrent jurisdiction with the Court of Chancery, in cases of fraud.

Where a vendor is guilty of a fraudulent concealment of material facts, in relation to the sale, to the injury of the vendee, an action at law is maintainable, to recover damages.

But the fraud must be proved ; it cannot be presumed. Therefore, where, in the sale of a slave, without warranty as to his good qualities, there was no other proof of a fraudulent representation, or of a fraudulent concealment, but what might be inferred from the fact, that the vendee paid a *sound price* for a good and honest slave, but who proved to be bad, and dishonest, and the vendor knew, at the time, that he was so, this alone is not sufficient to support an action against the vendor, to recover damage for a fraudulent concealment.

UTICA,
October, 1820.

FLEMING
v.
SLOCUM.

fendant to the plaintiff, tried at the *Columbia* circuit, before Mr. Justice *Van Ness*, in *December*, 1819.

The declaration contained three counts, 1. For falsely warranting the slave, as good, steady and honest : 2. For fraudulently concealing the fact that the slave was dishonest, and addicted to stealing : 3. For fraudulently representing him as honest, knowing him to be a thief, and fraudulently concealing that fact.

At the trial, the plaintiff gave in evidence a bill of sale from the defendant, dated the 25th of *September*, 1815, of the boy or man *Tom*, aged about twenty-one years, for the consideration of 270 dollars. The bill of sale contained a covenant by the defendant, that the negro man *Tom* was his slave for life, and that he would convey, and warrant him to the plaintiff as such. The plaintiff was not present when the bill of sale was executed.

The plaintiff then proved by several witnesses, that *Tom* had been frequently detected in stealing, and had been imprisoned for stealing, and was a bad fellow ; and that he had stolen from the defendant before he sold him to the plaintiff, and that the defendant knew it.

There was no proof of any warranty, or representation made by the defendant to the plaintiff, as to the character of the slave. The defendant moved for a nonsuit, and the Judge directed the plaintiff to be called and nonsuited, with liberty to move to set the nonsuit aside, and for a new trial.

A motion was made to set aside the nonsuit, and for a new trial, on a case agreed upon by the parties.

*E. Williams*, for the plaintiff.

*Van Buren*, for the defendant.

SPENCER, Ch. J. delivered the opinion of the Court. The nonsuit was on the ground, that there was no proof of any fraudulent representation of the qualities of the slave ; and, probably, also, because there was no proof of a fraudulent suppression of the truth. As Courts of law have concurrent jurisdiction with Courts of equity in cases of fraud, it

cannot, I think, be doubted, that where it is made to appear, that a vendor has been guilty of a fraudulent concealment of material facts, to the injury of the vendee, an action at law can be sustained to recover damages. It is, also a rule of equity, as well as of law, that a *suppressio veri* is equivalent to a *suggestio falsi;* and where either the suppression of the truth, or the suggestion of what is false, can be proved, in a fact material to the contract, the party injured may have relief against the contract. It is, however, another well-settled rule, that fraud is not to be presumed, but must always be proved. In the present case, the only fact from which a suppression of the truth can be inferred, is the consideration paid by the plaintiff; and had it been proved, that the sum paid was a sound price of a slave, free from all the bad qualities *Tom* possessed, that alone would not have been sufficient. It is the plaintiff's misfortune that he did not, either expressly guard against the imposition practised upon him, or that he has no evidence of any representation made to him by the defendant. The motion to set aside the nonsuit, must, therefore, be denied.