ONONDAGA GENERAL TERM, November, 1848. *Pratt, Gridley, and Allen*, Justices.

## BORT *vs.* SMITH.

The admission, in a justice's court, of incompetent testimony, to establish a fact clearly proved by other testimony, of a competent character, is not such an error as requires the county court, on certiorari, to reverse the judgment of the justice.

A county court has authority, on certiorari to a justice, to look into the testimony, and see if it supports the judgment; and when there is an entire failure of testimony, the court will reverse the judgment.

In this respect it is governed by the same rules which guide the supreme court on an application to set aside a verdict, or a report of referees, upon a case.

ERROR to the Herkimer county court. The action was trover, brought in a justice's court by Bort against Smith, for a quantity of grain. On the trial before the justice the plaintiff proved by Jonas Rice that the defendant occupied a farm in the town of Danube, which farm was occupied by the plaintiff in 1845. That the plaintiff hired the farm of Daniel Smith, 2d. That in the spring of 1846 the witness was called on to appraise the personal property that the plaintiff sold to Daniel Smith, 2d. There was but one piece of rye and one piece of wheat on the farm. That after the other property was appraised the parties had some talk about the wheat and rye. Daniel Smith, 2d, was to harvest the wheat and rye, and thresh it, and deliver one-half of it to the plaintiff. The grain was not appraised. After the plaintiff left the farm the defendant occupied it. Smith took the property appraised, at the appraisal. John Dillenback, another witness, testified that he was one of the appraisers. That the premises were in the possession of the plaintiff, at the time, and the wheat and rye belonged to him. Amos Gage testified to a demand of the wheat and rye, made by the plaintiff of the defendant, in the fall of 1846. The defendant said he had made away with the grain, and his father would back him up in it. This witness also testified to a conversation with Daniel Smith, 2d, after the execution

of the bills of sale of the personal property, in which Smith told him that he had got through with the plaintiff, all except the grain on the ground; that as to that they could not agree on the price, and he, Smith, had not bought it. Smith said he was to harvest it and thresh the grain, and deliver one-half to the plaintiff. Abraham Cramer, another witness for the plaintiff, testified as to the quantity of the grain, and its value, &c. He was asked if he had "a conversation with Daniel Smith, 2d, in regard to the grain in question?" This question was objected to by the defendant's counsel, on the ground that Smith was in court, and might be called. The objection was overruled by the justice, and the witness testified to two conversations between him and Smith, in which he said he was to harvest and thresh the grain and deliver one-half of it to the plaintiff. Some other testimony was introduced, which it is unnecessary to refer to. The justice rendered a judgment in favor of the plaintiff, for $20,50 damages and $7,99 costs; which judgment was reversed by the county court, on certiorari, and the plaintiff brought his writ of error.

*C. Tracy*, for the plaintiff in error.

*H. Link*, for the defendant in error.

*By the Court*, PRATT, P. J. There is nothing in the return of the justice in this cause which shows the relation that the defendant in the suit before him sustained to Daniel Smith, 2d, and therefore the evidence of his declarations was clearly inadmissible. Had the evidence shown that he was the defendant's vendor, it would not have been competent. (*Hurd* v. *West*, 7 *Cowen*, 759. 8 *Wend*. 490. 1 *Hill*, 612. 7 *Id*. 361.)

The question then arises whether the admission, in a justice's court, of incompetent testimony, to establish a fact clearly proved by other testimony, of a competent character, is such an error as requires the county court, on certiorari, to reverse the judgment of the justice.

Bort *v.* Smith.

It is quite clear that the return of the justice is not to be treated as a bill of exceptions. It partakes more of the nature of a case to set aside a verdict or report of referees. And in such cases, the whole case is to be examined, and if the court can see that substantial justice has been done, notwithstanding the alleged error, they will not interfere. (12 *Wend.* 41,64. 8 *Id.* 672. 4 *Id.* 458.) The county court has authority to look into the testimony and see if it supports the judgment; and when there is an entire failure of testimony the court will reverse. And in this respect it will be governed by the same rules which govern this court on an application to set aside a verdict, or a report of referees upon a case. (2 *Hill,* 125. 18 *Wend.* 142. 15 *Id.* 490.) It would therefore seem to follow that the court should be governed by the same rules, in relation to errors in admitting or rejecting testimony. Besides, the county court are required by the statute to give judgment as the right of the case may appear, without regarding technical defects in the proceedings before the justice, which do not affect the merits. (2 *R. S.* 257, § 181. 18 *Wend.* 142.) I am inclined to the opinion that this provision of the statute has been too often over looked or disregarded in reviewing proceedings in justices' courts. It is seldom that this class of officers are men learned in the law, yet they are a very useful class of public officers, and have important duties to perform in the adjustment of difficulties, which arise between citizens of their neighborhood; and hence when substantial justice has been done, not only the statute but the best interests of the community require that their judgments should not be reversed for defects purely technical.

When an erroneous decision has been made by the justice, the presumption undoubtedly is that the party against whom such decision was made has been injured; but when it appears affirmatively that the judgment must have been the same had no such decision been made, the error should be disregarded. The true rule, we apprehend, is this. When the fact in dispute is so clearly proved by competent testimony that the county court would have been legally bound, had no improper testimony been admitted, to reverse a judgment adverse to such

proof, then a judgment in accordance with such proof ought not to be reversed, although improper testimony may have been admitted. Such is clearly the rule which this court has adapted upon a case to set aside a verdict or report of referees. (12 *Wend.* 41. 4 *Id.* 456. 10 *Id.* 338. *See also* 1 *Taunton,* 12; 6 *Bing.* 561; 9 *Pick.* 176; 1 *Wash. R.* 6.)

In this case the fact which was attempted to be proved by the declarations of Daniel Smith, was very clearly established by other competent testimony which was uncontradicted. His declaration had also been proved by one witness without objection. Had the testimony objected to been excluded, and had the justice, on the remaining proof, given judgment for the defendant, the county court would have been authorized to reverse the same. We are therefore of the opinion that the Herkimer county court erred in reversing the judgment of the justice. And the judgment of the county court must be reversed.

---

Same Term.    *Before the same Justices.*