## Case No. 4,617.

### The FALCON.

[3 Blatchf. 64;[1] 30 Hunt, Mer. Mag. 201.]

Circuit Court, S. D. New York.  Oct. 6, 1853.

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

Erastus C. Benedict, for libellant.

George F. Betts, for claimants.

NELSON, Circuit Justice.  The court below dismissed the libel on the ground, principally, that evidence of the non-delivery of the goods to S. Lea, was not sufficient to charge the carrier—that evidence should also have been given of the non-delivery to the house of Zachrisson & Nelson, the other consignees. The case, as thus presented on the evidence, is undoubtedly a close one, and, if it had been before me originally, I might possibly, in weighing the evidence, have inclined to a different conclusion from that at which the court below arrived.  But, as the weak point in it has not been strengthened by the additional testimony in this court, and as the libellant has, since the appeal, had an opportunity to supply the defect, it is but right, perhaps, to conclude that the inference of the court below was the proper one.

It seems to be well settled, that, in order to charge the carrier, some evidence must be given, on the part of the shipper or owner, of the non-delivery of the goods, according to the requirement of the bill of lading.  Griffiths v. Lee, 1 Car. & P. 110; Gilbart v. Dale, 5 Adol. & El. 543; 2 Greenl. Ev. § 213; Ang. Carr. 470.  Very slight evidence will be sufficient to throw upon the carrier the burden of showing that the goods have been delivered.  But there must be some evidence by the shipper, in the first instance, of the non-delivery.

Now, the weak point of the case, on the part of the libellant, is this:  According to the bill of lading, the box was to be delivered to S. Lea or to Zachrisson & Nelson, at Chagres.  Lea has been examined and proves clearly that the goods were not delivered to him.  But, there is a total absence of any evidence of a non-delivery to the other consignees.  There is evidence that the box did not reach the house of Cooke, Baker & Co., of San Francisco, but this affords no inference, legal or logical, that it did not come to the hands of Zachrisson & Nelson, of Panama.

And, besides, the tendency of the evidence on the part of the claimants is, not that there was a delivery to Lea, but to Ramos, who was the agent of Zachrisson & Nelson, at Chagres, to forward goods to them.  His place of business, and the place where the goods were landed, was on the opposite side of the river from Lea's place of business. The box had been sent there before Lea called for it on board the ship; and, if any effect is to be given to the rule of law, that the owner must give, at least, some evidence of the non-delivery, in order to charge the carrier, it seems to me, that the fair application of it, in this case, sustains the view taken by the court below.  As I have already said, proving that the box did not reach Cooke, Baker & Co., of San Francisco, in no respect helps the case.  It may have

been lost in the hands of Ramos, or in the transit across the Isthmus, before it reached Zachrisson & Nelson, or while in their hands at Panama.

I admit that the point on which the case turns is a nice one, and not without its difficulties, which might have been cleared up and disembarrassed by further testimony. But, I am inclined to think, that upon the strict principles of the law governing the case, the burden lay upon the libellant to furnish the evidence. He should have given some testimony legally tending to show that the goods had not been delivered to Zachrisson & Nelson, or to Ramos, their agent at Chagres. I find no such evidence in the case, and must, therefore, affirm the decree below, with costs.