## NICKLEY *vs.* THOMAS.

The principle is well settled, that where a vendor of a chattel is guily of a fraudulent concealment of material facts in relation to the sale, to the injury of the vendee, an action at law is maintainable, to recover damages.

Thus, where the defendant, upon an exchange of horses with the plaintiff, told him that his horse had *balked* with S. (a former owner) once, but that he whipped him and made him go; but the defendant did not disclose to the plaintiff the fact that he *purchased the horse as a balky horse*, and that his brother and himself had used him *carefully*, as they would use any horse that was balky, while he owned him, and that S. had so used the horse before he sold him to the defendant; *Held*, that this was a fraudulent concealment of material facts, in relation to the defect, which rendered the defendant liable in an action for damages.

It is not enough that a vendor tells the truth in respect to the article sold, as far as he goes. He should tell the whole truth, fully and fairly.

In an action to recover damages for a fraud in an exchange of horses, it is proper to ask a witness what the defendant's horse was worth, at the time of the trade, if kind and not balky.

Nickley *v.* Thomas.

THIS action was orignally brought in a justice's court of Fulton county, to recover damages for an alleged fraud in an exchange of horses. The cause was tried by a jury three times, and on the last trial (the two former juries having disagreed) the plaintiff recovered a verdict for $60 damages, for which, with costs of suit, the justice rendered judgment. The defendant appealed to the county court, which reversed the judgment, on the sole ground that it was against evidence. The only defect complained of, which it was contended the defendant fraudulently concealed from the plaintiff, was that the horse was *balky.* On the trial it was proved that the defendant purchased the horse, and he was put to him, as a balky horse. The witness, who sold him to the defendant, testified that he so put him to the defendant. That he told the defendant he never balked with the witness but *once,* when he whipped him and finally made him go. That he never balked with him but once, but if he took him at all he must take him as a balky horse. The witness had used him, after his refusal to go, as a balky horse. It was also proved that the defendant used the horse, after he got him, in the same manner. The brother of the defendant testified that he and the defendant were in partnership, and used the horse together. The witness said, "I used him carefully, having understood he had balked with Satterly (the former owner.) I used him as I would any horse that I had understood had balked." The defendant told the plaintiff, at the time of the trade, that he had once balked with Satterly, and bothered him, but he made him go, or draw. The plaintiff asked the defendant if the horse was sound and good every way as far as he knew. The defendant said, "he is just as I told you he is, or as I told you he was." A witness was asked the question, "If kind and not balky, what was the horse in question worth, at the time of the trade?" The defendant's counsel objected, on the ground that the witness had not been shown to be a competent judge of the value of horses; that the question called for an improper measure of damages. The court overruled the objection, and the witness answered. It appeared that he had bought and sold horses, and was a judge of their value. The

defendant purchased the horse the forepart of August, 1854, and exchanged him with the plaintiff the latter part of the same month. It was clearly proved that the horse was a balky one. The plaintiff appealed from the judgment of the county court.

*McFarlan & Adams*, for the plaintiff.

*Fraser & Stewart*, for the defendant.

*By the Court*, C. L. ALLEN, P. J. The only material question in this case is, whether the defendant was guilty of a fraudulent concealment of facts in relation to the defect complained of, so as to render him liable to the plaintiff, in this action. There can be no doubt of the principle that where a vendor of a chattel is guilty of a fraudulent concealment of material facts in relation to the sale, to the injury of the vendee, an action at law is maintainable to recover damages. (*Fleming* v. *Slocum*, 18 *John.* 403. 1 *East*, 318. 6 *Cowen*, 346, 350. 7 *Wend.* 20.) In *Bench* v. *Sheldon*, (14 *Barb.* 66, 72,) the court say, " In the case of the sale of property the law presumes that the purchaser reposes confidence in the vendor, as to all such defects as are not within the reach of ordinary observation, and therefore it imposes upon the vendor the duty to disclose fully and fairly his knowledge of all defects." The county judge in this case remarks, that the defendant communicated to the plaintiff all the knowledge that he had about the defect in the horse; that is, he told him the horse had balked with Satterly once, but that he whipped him and made him go. And that was all the evidence of the defendant's knowledge that he was a balky horse, as he was proved to have worked well and kind while the defendant owned him. It appears to me that the county judge overlooked the circumstance that the defendant did not disclose to the plaintiff the fact that he purchased him as a balky horse, and that his brother and himself had used him *carefully*, as they would any horse that was balky, during the short time that he owned him, and that Satterly had so used him, before he sold

Nickley *v.* Thomas

him to the defendant.  If these facts had been disclosed they might have prevented the trade, but the defendant would at all events have been exonerated.  Merely saying the horse had balked with Satterly *once*, and that he had made him go, was calculated to mislead and probably did mislead him into the belief that the defect did not really exist, as there had only been this one slight evidence of it.  There were some other facts connected with the transaction, upon which the jury passed in coming to the conclusion at which they arrived.·  I think their verdict was final on this question of fact, and should not have been disturbed.  It was certainly not *against evidence*, as there were some facts on which to predicate it.  The defendant told the truth as far as he went, but he did not tell the whole truth.  This he should have done, fully and fairly.  There was some *evidence* on which to found the verdict, and it should not be disturbed.  (2 *Hill*, 125.  5 *Barb.* 283.  6 *id.* 141.)

The only remaining question for our consideration is, whether the objection to the testimony of the witnesses, as to the damages, was well taken or not.  The specific ground of objection was that the witness was not shown to be a competent judge.  This was not true in point of fact.  It is believed that the legal rule, as heretofore established by abundant cases, was adhered to, and that the evidence was properly received.  (23 *Wend.* 353.  4 *Hill*, 625.  2 *id.* 288.  5 *Denio*, 84.)

The judgment of the county court must be reversed, and that of the·justice affirmed.

[CLINTON GENERAL TERM, September 9, 1856.  *C. L. Allen, Paige, James and Rosekrans*, Justices.]