## WELLS vs. CONE and others.

In an action to recover damages for an injury to the plaintiff's boat, occasioned by a collision, a witness who is a practical boat builder and has recently examined the injured boat, and made an estimate of the cost of repairing it, may be allowed to state what, in his opinion, is the difference in value of the boat at the time of testifying, and as it was before the collision.

Such a case is analogous to an action to recover for an unsoundness or defect in an article which has been warranted to be sound and perfect.

A judgment will not be set aside, even on a bill of exceptions, for an erroneous admission of testimony, when the court can see, clearly, that it has occasioned no injury to the objecting party.

The return of a justice of the peace, on appeal from his judgment, is not to be treated as a bill of exceptions. It partakes more of the nature of a case to set aside a verdict or a report of referees. And in such cases, the whole case is to be examined, and if the court can see that substantial justice has been done, notwithstanding the alleged error, it will not interfere.

Where, in an action for a tortious injury to personal property owned by partners, one of the owners is not joined as a plaintiff, and the defendant omits to avail himself of the nonjoinder, by demurrer or answer, he will be deemed to have waived the objection, and cannot avail himself of it as a ground of nonsuit.

APPEAL from a judgment of the Herkimer county court.

The plaintiff sued the defendants in a justice's court, and complained that they negligently injured his canal boat by running their boat against it. The defendants, in their answer, denied the allegations of the complaint, and also alleged that the injury, if any, occurred by the negligence of the plaintiff. The cause was tried before a jury. It appeared that the plaintiff and one Van Buren, each owned one half of the injured boat. That they were co-partners, and that the plaintiff was in the possession of the boat, and had the charge of the business at the time of the injury. That the boat of the plaintiff was lying moored snugly to the heel-path side of the Erie canal, in the city of Utica, near the city mills, for the purpose of unloading; where the canal was wide enough to permit three boats to pass abreast, but not wide enough for four to do so; and

which the acting canal superintendent, on that section, had assigned as a proper place for that purpose; the bow of the boat being headed to the east.    That a raft of about six cribs of timber, on the canal and going east, was passing the boat of the plaintiff, the front crib being about opposite thereto.    A Rochester boat was also navigating the canal, going from the east to the west, and passed between the boat of the plaintiff and the raft, its bow having got from twenty to thirty feet west of the stern of the plaintiff's boat.    While the raft, the Rochester boat and the boat of the plaintiff were in the positions described, the defendants, who were navigating their boat, and coming towards the east, had passed the rear portion of the raft on the heel-path side of it, and struck the bow of the Rochester boat, on the heel-path side, with the left side of the bow of the defendants' boat, by which collision the bow of the defendants' boat was thrown to the right, and it struck the stern of the plaintiff's boat, and produced the injury complained of.    The occurrence took place at about noon.

The plaintiff proved, by one John D. Schwab, that he was a boat builder, residing at Utica, and had worked at the business some eight or nine years, and knew what it would cost to repair boats, and that he generally made out the bills for repairs, at the dock at which he worked. That he had examined the boat in question that morning. He then stated in detail each injury which the boat had received by the collision, and gave a bill of items of the cost of repairing the injury, including only the dockage, material and labor to do the work, and which items amounted to the sum of $22.50, without including any charge for the detention or delay while the repairs were being done.    And he also testified that when so repaired he did not think it would be as good, and not so stiff in the stems, as it was before.    The justice then asked the witness, " What, in your opinion, is the difference in the

Wells *v.* Cone.

value of the boat now, and as she was before this collision?" To which the defendants objected, on the ground, 1st. That it was improper and irrelevant; 2d. It is not the way to prove damages; 3d. Witness had no knowledge of the boat before the collision; 4th. It calls for an opinion; and 5th. Takes the question of damages from the jury. The justice overruled the objection, and the defendant excepted; and the witness answered, " Should think the difference from $20 to $25."

When the plaintiff rested, the defendant moved for a nonsuit, " on the ground that Van Buren was the joint owner of the boat injured by the collision, and partner of the plaintiff in running her, and was not joined as a party plaintiff." The court denied the motion, and the defendant excepted. The defendant Albert Cone testified that he was driving the team of his boat at the time of the collision, and had the usual side to pass a raft; that he commenced passing the raft, at or near the weigh-lock, then some distance from the plaintiff; that they were some time passing the raft; that his line catched a number of times. The boat coming up (Rochester boat) was not in sight at the time he commenced passing the raft; that he discovered the plaintiff's boat and the Rochester boat about the same time; that when he got down near the plaintiff's boat the team of the Rochester boat was stopped, and that the defendants' team kept towing along. That about the time the team of the Rochester boat started up, and dropped in near, there was room enough for one boat to pass, but not for two. That the defendant then stopped his team, and that when his team stopped, his boat was about one hundred feet from the boat of the plaintiff. That his boat collided with the Rochester boat, and was thrown against the boat of the plaintiff. His testimony was in part corroborated by the testimony of Albert Cone, Jr.; and Francis Cone was also sworn, but

his testimony was confined to what took place at the moment of the collision.

The jury found a verdict for the plaintiff of $20, for which sum, with costs, the justice rendered judgment. The defendant appealed to the county court, where a judgment of reversal was rendered, upon the ground that there was no proof of negligence on the part of the defendant. And from that judgment the plaintiff appealed to this court.

*Thomas Richardson,* for the appellant.

*Ely T. Marsh,* for the respondent.

*By the Court,* FOSTER, J.   I think there was no error in permitting the witness Schwab to state, "What, in his opinion, was the difference in value of the boat *then,* and as she was before the collision." He did not give an opinion founded upon the testimony of others; but from the condition of the boat, as he saw it before the injury, while unloading, and as he saw it after the injury. He had all the science in regard to the building and value of boats necessary to render him competent to testify as to the value, and he had made an estimate of the cost of repairing it. It has no analogy, in my opinion, with any of the cases where the courts have held that an opinion cannot be given; but is analogous to the case where an action is brought to recover for an unsoundness, or defect in an article which has been warranted to be sound or perfect. And in such case it is undoubtedly correct to ask the witness the difference in value between the article, if it had been as warranted to be, and as it in fact was. (*Nickley* v. *Thomas,* 22 *Barb.* 655. *Brill* v. *Flagler,* 23 *Wend.* 354. *Casey* v. *Greeman,* 4 *Hill,* 625. *Joy* v. *Hopkins,* 5 *Denio,* 84.) Besides, the answer of the witness could not possibly injure the defendants. He had given items of expense

Wells v. Cone.

necessary to the repair of the boat, amounting to more than the verdict, exclusive of the loss of time and expense of waiting for the repairs to be made; and that testimony was undisputed. And it is a well settled rule that a judgment will not be set aside, even on a bill of exceptions, for testimony erroneously admitted, when the court can see clearly that it has occasioned no injury to the objecting party. (*Bort* v. *Smith,* 5 *Barb.* 283, 285. *Crary* v. *Sprague,* 12 *Wend.* 41. *Benjamin* v. *Smith, Id.* 404.)

And it is quite clear that the return of the justice is not to be treated as a bill of exceptions. It partakes more of the nature of a case to set aside a verdict or report of referees. And, in such cases, the whole case is to be examined, and if the court can see that substantial justice has been done, notwithstanding the alleged error, it will not interfere. (*Bort* v. *Smith,* 5 *Barb.* 285. *Spencer* v. *Saratoga and W. Railroad Co.,* 12 *id.* 383.)

There was no error in the refusal to nonsuit the plaintiff. The defendant may demur when it appears on the face of the complaint that there is a defect of parties. (*Code,* § 144.) When it does not appear upon the face of the complaint, the objection may be taken by answer. (*Id.* § 147.) And if the objection be not taken by demurrer or answer, the defendant shall be deemed to have waived the same. (*Id.* § 148.) And where, in an action for a tortious injury to personal estate owned by joint tenants, one of the joint owners is not a party plaintiff, and the defendant omits to avail himself of the nonjoinder, in pleading, he will not be allowed on the trial to prove the interest of the owner, not joined in diminution of the amount to be recovered. (*Zabriskie* v. *Smith,* 3 *Kern.* 322.) And the rule must be the same in the case of copartners.

The remaining question is whether the evidence was sufficient to support the verdict. The plaintiff was without fault; his boat was close to the heel-path, for the purpose of unloading, where the canal was wide enough for three

boats to lie abreast, and at the place assigned by the super-
intendent for that purpose. The defendant was proceeding
in the same direction with the raft, and while passing the
raft saw the plaintiff's boat, and saw the Rochester boat
coming from the east, while some distance from his boat;
and he must have known that if his boat kept on he would
meet the Rochester boat opposite to the raft, and opposite
to or near the plaintiff's boat. But one of the defendants,
Albert Cone, testified that he kept on and did not slacken
up his team until he was within about one hundred feet
of the plaintiff's boat; at which time it must have been
apparent that he must come in collision with the Roches-
ter boat, while it was opposite to the plaintiff's boat and
opposite to the raft. He was negligent, then, in not stop-
ping and thus avoiding the collision at the earliest moment
when he had reason to apprehend that a collision might
occur; and it is no answer to say that the Rochester boat
was in fault, and contributed to the injury, for, as between
them and the plaintiff, he could sue either of them who
contributed to his injury. But the fault was on the part
of the defendants. By slacking up when they first dis-
covered the other boats, the raft would have gone ahead
of their boat, and room would have been made for the boats
to pass. And, in addition to this, the canal regulations, sec-
tion 50, declare that "In all cases where two boats or floats
going in opposite directions, shall approach each other in
the vicinity of a raft, in such manner that they would, if
both should continue their headway, meet by the side of
such raft, the boat or float which shall be going in the
same direction as the raft, shall stop until the boat or float
going in the opposite direction shall pass such raft." Now,
it is not enough that the defendants did not see the boat
coming from the east when they turned out to pass the
raft. It was their duty to see it, or to stop as soon as they
did see it; or, at all events, they had no right to attempt
to pass the raft till they could, in fact, do so, without meet-

ing the other boat opposite to it. They were legally in the wrong, therefor, and are answerable for the consequences.

The judgment of the county court should be reversed, with costs of the appellant on this appeal, and the judgment rendered by the justice affirmed.

[ONONDAGA GENERAL TERM, April 5, 1864. *Morgan, Bacon* and *Foster,* Justices.]