## MILLINER v. LUCAS.

*Evidence — agreement between landlord and tenant — interest in action — Judgment — not reversed for immaterial error.*

In an action for the price of certain potatoes raised on plaintiff's land, defendant set up that he had purchased them of S. who raised them. *Held*, that the agreement made between plaintiff and S. as to the potatoes and their ownership, was admissible.

Admissions of S. made some months after the agreement was made, corroborating plaintiff's testimony as to the agreement, were testified to by plaintiff's witnesses. *Held*, that if the defense was really in the interest of S. they were admissible, and even if it was not, being merely corroborative of other evidence, the judgment would not be reversed for error in admitting them.

A judgment should not be reversed for the admission of improper testimony where abundant other competent evidence was given to sustain the finding, and the court can see that it occasioned no injury to the party objecting to it.

APPEAL by plaintiff from a judgment of the Monroe county court reversing a judgment rendered by a justice of the peace.

The action was brought by Joel P. Milliner against Charles Lucas, to recover for the price of a quantity of potatoes sold and delivered to the defendant. The plaintiff claimed that the potatoes were his property, and the defendant claimed to have purchased them of one Slocum, who raised them on the plaintiff's land. The justice found for the plaintiff, and rendered judgment in his favor for $101.84 besides costs. The defendant appealed to the county court, where the judgment was reversed upon the law. The material facts appear in the opinion.

*A. P. Butts*, for appellant.

*Horace J. Thomas*, for respondent.

E. DARWIN SMITH, J. The judgment rendered by the justice upon the facts was clearly warranted by the evidence, and could not be disturbed for any error in that particular. The only ground of error stated in the notice of appeal, which I think is sufficient to raise any valid ground for the review of the case, and upon which the judgment was doubtless reversed, is the fourth specification.

" That the justice erred in overruling the objection by the defendant's counsel, to the question put by the plaintiff's counsel, asking the witness to go on and state what the arrangement was between plaintiff and Slocum, asked of plaintiff himself, and within the same objection, the testimony of Allen Marshall, Hiram Doty, and others, on the subject of Slocum's admissions of what the arrangement was, erroneously received," etc.

So far as the defendant's objection related to the testimony called for by the questions put to the witness, it was clearly not well founded. The question at issue was, in whom was the property in the potatoes. They were planted on the plaintiff's land by Slocum, and it was clearly proper for the plaintiff to show the contract between him and Slocum, in regard to the planting, cultivation and marketing of said potatoes. This was a part of the *res gestæ*, and this was all that was called for by, or stated in answer to the question put to the plaintiff. It was, " what was the conversation or arrangement with Slocum about the potatoes, and how did the potatoes belong to you "?

The testimony of the witnesses, Marshall and Doty, stands upon different grounds. They were asked whether they heard a conversation between plaintiff and Slocum, and they respectively, in answer, testified to a conversation between plaintiff and Slocum some two weeks before the trial, in October, 1873 ; the previous conversation testified to, by the plaintiff, being in the spring previous. This testimony is corroborative of the testimony so given in respect to the contract by the plaintiff. This testimony, if it had been distinctly objected to as an admission or declaration of Slocum, the defendant's vendor, made long after the making of said contract with the plaintiff, should have been held inadmissible at the time, or stricken out afterward if there had been any mistake or surprise in receiving it, unless its reception can be justified on the ground that the defendant was really defending the action in the interest and for the benefit of Slocum within the exception to the general rule stated and allowed in *Paige* v. *Cagwin*, Hill, 375 ; *Gardner* v. *Barden*, 34 N. Y. 433 ; *Tousley* v. *Barry*, 16 id. 500 ; *Foster* v. *Beal*, 21 id. 250.

The defendant really had no interest in the defense of the suit for he had not paid for the potatoes. He had advanced Slocum in all, $25 on his lot of 600 or 800 bushels of potatoes, which he purchased at 50 cents a bushel. Slocum was in this view the real

defendant in interest, and his admission might properly be received to affect his interest. But if this were not so, the reception of the evidence of Marshall and Doty did the defendant no injury. The evidence was merely corroborative of the plaintiff upon the question of the original contract between him and Slocum, which was abundantly proved without such corroboration by the plaintiff's testimony, which was not contradicted by Slocum, although he was sworn as a witness and was really not disputed.

· A judgment should not be reversed for the admission of improper, irrelevant, immaterial or cumulative testimony, when abundant other competent evidence was given to sustain the finding, and the court can see that it has occasioned no injury to the party objecting to it. *Wells* v. *Cone*, 55 Barb. 585, 589 ; *Crary* v. *Sprague*, 12 Wend. 41 ; *Spencer* v. *Saratoga & Washington ·R. R. Co.*, 12 Barb. 382 ; *Buck* v. *Waterbury*, 13 id. 116; and not even in a capital case. *People* v. *Gonzalez*, 35 N. Y. 49, 59.

The judgment of the county court should be reversed, and that of the justice affirmed.

*Ordered accordingly.*