## HOT SPRINGS RAILROAD COMPANY V. HUDGINS.

1. APPEAL FROM JUSTICE OF THE PEACE: *Issues in the Circuit Court.*
  The issues in the Circuit Court, on appeal from a justice of the peace, will be the same as noted on the justice's docket, if not amended in the Circuit Court.

2. COMMON CARRIER: *Breach of contract to deliver goods: Pleading: Evidence.*
  WHEN in an action against a common carrier for non-delivery of goods to a consignee, it pleads, only, that it never received the goods, this is an admission of the non-delivery to the consignee, and proof of the non-delivery to the consignee is not necessary to entitle the plaintiff to a judgment.

APPEAL from *Garland* Circuit Court.

Hon. J. B. WOOD, Circuit Judge.

*J. M. Moore* for appellant.

The court, without any evidence whatever, found for the plaintiff, and adopted a declaration of law to the effect that the delivery of the cotton to Senter & Co. not being specifically denied by *defendant's answer*, must be taken as confessed.

Defendant had not undertaken to answer; was not required to do so, in fact. The plaintiff, in proceedings originating before a justice of the peace, is required to prove his cause of action whether any defense is interposed or not. The ruling of the court was based on a misconception of the practice applicable to this class of cases.

The declarations given by the court were erroneous, and it erred in refusing defendant's proposition of law.

*R. G. Davies* for appellee.

While the law does not require written pleadings before

a justice, yet the facts which do constitute a cause of action or defense, and the issues are the same as in the Circuit Court. The evidence must *correspond* with the allegations and be confined to the point at issue. (*Greenl. Ev., sec. 50, p. 68, 7th ed.*) The evidence must be directed solely to the matter in dispute, and is sufficient to prove the substance of the issue raised. *Best on Evidence, sec. 111, vol. 1, Morgan's ed.*

Every material allegation of the complaint not specifically controverted by the answer must be taken as true, etc. (*Gantt's Dig., sec. 4608.*) The only material allegation in the complaint controverted by the answer was the delivery of the possession, and the only issue of fact for the jury was whether or not the possession had been delivered, and if so, the value of the property. Plaintiff having proved delivery of the cotton, properly rested, as that was the only issue, and the court, after the refusal of the defendant to introduce any testimony, properly found for plaintiff.

SMITH, J. This action was begun before a justice of the peace.

The plaintiff alleged that he had delivered to the railroad company a bale of cotton to be transported to Senter & Co., at St. Louis, and that the defendant had failed to deliver the same to the consignee. The action was defended, as we learn from the justice's minutes, upon the ground that the company had never received the cotton. But the plaintiff recovered a verdict and judgment.

On appeal to the Circuit Court, no other or different issue appears to have been tendered. A jury was waived and the trial was by the court.

The plaintiff proved the delivery of the cotton to the de-

fendant by the production of the bill of lading, signed by the defendant's agent at Hot Springs, and the value of the cotton. This was all the testimony.

The court declared that the sole issue was, whether or not the railroad company had received the cotton, and refused to declare that non-delivery to the consignee must also be proved to sustain the action.

In an action against a carrier for the loss or non-delivery of goods, the complaint involves three points of facts, which the plaintiff must establish upon the general issue, viz., the contract for carriage, delivery to the carrier, and the defendant's breach of promise or duty. *2 Green. Ev., secs. 208, 213.*

But the effect of every special plea is to narrow the issues. And a party is not required to prove what his adversary admits.

Before a justice of the peace the pleadings are not required to be in writing; but, if oral, it is the duty of the justice to note down in his docket the substance of them. *Gantt's Digest, sec. 3740.*

By denying that it had ever received the goods for transportation, the defendant admitted that it had never delivered them to Senter & Co. Consequently, when it was proved that the defendant had received the cotton under a contract for carriage, the case was legally adjudged against it. We must presume, in the absence of any amendment of the plea, that the parties went to trial upon the same issue that was made in the justice's court.

Such was evidently the understanding of the trial court. Affirmed.