disposing of this case, and it may be doubted whether or not any corresponding advantage has resulted.

Let a decision be prepared in accordance herewith and submitted. Ordered accordingly.

---

(58 Misc. Rep. 369.)

### EINSTEIN et al. v. CLYDE S. S. CO.

(Supreme Court, Special Term, New York County.   March, 1908.)

NEW TRIAL—GROUNDS—OBJECTIONS NOT RAISED.

Where in an action for loss of goods by a carrier, defendant attempted to show that it never received the goods, it could not, on motion for new trial, for the first time raise the objection that it did not appear that the goods had not been delivered by it to the connecting carrier at the terminus of its line, as required by its contract.

Action by Isaac D. Einstein and others against the Clyde Steamship Company.   Verdict for plaintiffs.   Motion for new trial denied.

Oswald N. Jacoby, for plaintiffs.

Norman B. Beecher, for defendant.

BISCHOFF, J.   The plaintiffs had a verdict for the loss of goods intrusted to the defendant under a contract for carriage, and upon the trial the defendant's efforts were wholly directed to show that the goods were never received by it.

It is now contended that the recovery was defective, in that it did not appear that the defendant did not deliver the goods to the connecting carrier at the terminus of its own line; such being the extent of its obligation as per the bill of lading in evidence.   The fact of such nondelivery, however, was apparent from the defendant's attitude at the trial.   Admission of the fact of nondelivery to the connecting carrier was the only logical deduction from the defendant's denial of its receipt of the goods.   "Allegans contraria non est audiendus." Broom's Leg. Max. (8th Am. Ed.) 169.   The court, therefore, consistently with the defendant's position, submitted the question of the defendant's receipt of the goods to the jury, and instructed them that nondelivery in due course to the connecting carrier was conceded. The precise point was ruled in Hot Springs R. R. Co. v. Hudgins, 42 Ark. 485.   In affirming a judgment for the shipper, the court there said:

"By denying that it had ever received the goods for transportation, the defendant admitted that it had never delivered them to Senter & ·Co.   Consequently, when it was proved that the defendant had received the cotton under a contract for carriage, the case was legally adjudged against it."

The case at bar is readily distinguishable from Roberts v. Chittenden, 88 N. Y. 33.   In that case the contract for carriage and the shipment of the goods were conceded.   Under such circumstances, the proposition that ·the carrier's breach of contract does not appear in the absence of proof of nondelivery of the goods in due course to the connecting carrier seems elementary, and is not debatable.   Of necessity the jury were to be instructed consistently with what was at the time the defendant's attitude, and the court's inconsistency was not to

be expected because the defendant meant to ·change its position should the jury find, as they did, that the goods were in fact received by the defendant under the contract for carriage. Its position at the trial was voluntarily assumed by the defendant, and in the language of Lord Kenyon (Wood v. Dwarris, 11 Exch. 493), it was not open to the defendant to "blow hot and cold" with reference to the same transaction as its interests might require.

Motion for new trial denied, without costs.