GLAZER et al. v. OLD DOMINION S. S. CO.

(Supreme Court, Appellate Term. January 8, 1909.)

1. CARRIERS (§ 185*)—CARRIAGE OF GOODS—LOSS OF GOODS—CONNECTING CARRIERS.

Defendant received from plaintiffs a case of clothing to be carried to a place not on defendant's route, under a bill of lading making it the duty of defendant to carry such shipment "to said destination if on its own line, or otherwise to deliver to another carrier on the route to said destination." *Held*, in an action to recover for the loss of the goods, the goods never having reached the consignee, that the burden was on plaintiff to show that defendant failed to deliver the goods to the connecting carrier, and on failure to sustain the burden the action should be dismissed.

[Ed. Note.—For other cases, see Carriers; Cent. Dig. § 835; Dec. Dig § 185.*]

2. EVIDENCE (§ 374*)—DOCUMENTARY EVIDENCE—AUTHENTICATION.

In an action against a carrier for loss of a shipment of goods, the point in issue was whether defendant had delivered the shipment to a connecting carrier, to show which it offered a loading sheet, identified by a clerk of the connecting carrier, which showed that plaintiff's goods had been received by the connecting carrier. The loading sheet bore the check marks of the clerk, who testified that they were added to the sheet after he had ascertained that the freight was loaded on the cars, and that he had no recollection whatever of the loading of the particular goods, and that his recollection was not refreshed by the loading sheet. *Held*, that the loading sheet was admissible in evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1588; Dec. Dig. § 374.*]

3. EVIDENCE (§ 174*)—BEST AND SECONDARY—EXHIBITS—COPY OF DOCUMENT.

Where a document is properly admissible in evidence, a copy thereof, duly attested by a deposing witness and annexed as an exhibit to his

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

deposition and therein referred to as an exhibit, is properly received in evidence at the trial.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 561; Dec. Dig. § 174.*]

Appeal from City Court of New York, Trial Term.

Action by Frank Glazer and another against the Old Dominion Steamship Company. Judgment for defendant, and plaintiffs appeal. Affirmed.

See, also, 53 Misc. Rep. 290, 103 N. Y. Supp. 112.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Manheim & Manheim (Harry A. Gordon, of counsel), for appellants.

Robinson, Biddle & Benedict (Randolph W. Childs and Norman B. Beecher, of counsel), for respondent.

BISCHOFF, J. The plaintiffs sued to recover for the alleged loss of a case of clothing shipped by them on July 18, 1903, via the defendant's steamship line, to J. L. Lapidus, at Denver, Colo.; the defendant's undertaking, as expressed in the bill of lading, being to transfer the case "to said destination, if on its own line, or otherwise to deliver to another carrier, on the route to said destination." Concededly the case never reached the consignee, and he was never advised of its arrival.

Denver was not on the defendant's route; the latter's southern terminus being at Norfolk, Newport News, and Portsmouth, Va., whence freight, destined for Denver, was forwarded by the Chesapeake & Ohio Railroad. The defendant bound itself only to deliver the case to the connecting carrier at its terminus on the route to Denver, not to the consignee at Denver, and without some proof, therefore, that the defendant failed in the execution of its undertaking, the plaintiffs were not entitled to recover. No proof of a failure to deliver to the connecting carrier was tendered by the plaintiffs, and the trial court should have dismissed the complaint on defendant's motion. Roberts v. Chittenden, 88 N. Y. 33. The rule which requires a party to supply proof of facts peculiarly within his knowledge has to do with the degree of the proof. It does not absolve the other party from supporting his constitutive allegation by some proof. Roberts v. Chittenden, supra; Woodbury v. Frink, et al., 14 Ill. 279. "If the loss or nondelivery of the goods is alleged, the plaintiff must give some evidence in support of the allegation notwithstanding its negative character. 2 Greenleaf on Evidence, § 213.

Upon the denial of the motion for a nonsuit, the defendant was compelled to and did assume the burden of proving the delivery of the case, and the deposition of one C. M. Trice, taken under a commission, was read in evidence in its behalf. It appeared therefrom that the witness was at and for some time after the shipment in the employ of the Chesapeake & Ohio Railroad Company, as "loading clerk," at the company's pier at Newport News; his particular duties

requiring him to superintend the loading of the railroad company's cars at that place. He identified a "loading sheet," dated July 20, 1903, two days after the shipment which remained among the railroad company's office records at Newport News, as bearing his personal check marks, explaining that in the regular course of his duties these marks were added to the sheet after he had ascertained that the freight was put on board the cars, and he further testified that he had no recollection whatsoever of the loading of the particular case, and that his recollection was in no manner refreshed by the "loading sheet." The paper thereupon was competent as evidence. Merrill v. Ithaca & Oswego R. R. Co., 16 Wend. 586, 30 Am. Dec. 130; Bank of Monroe v. Culver, 2 Hill, 531; Natl. Ulster Co. Bk. v. Madden, 114 N. Y. 280, 21 N. E. 408, 11 Am. St. Rep. 633. A copy thereof, duly attested by the witness, was annexed as an exhibit to his deposition and therein referred to as such. It was therefore properly received in evidence by the trial court. Commercial Bank v. Union Bank, 11 N. Y. 203. From this paper, taken in connection with the witness' testimony that the check mark was added after the freight had been loaded, it appeared that the case shipped by the plaintiffs, and specifically referred to in the exhibit, came into the actual possession of the connecting carrier. This evidence remained wholly unimpeached, and a direction of a verdict for the defendant was the inevitable conclusion. The cause of action was not only without proof, but it was actually, though circumstantially, refuted.

The judgment and order appealed from are affirmed, with costs. All concur.